UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OBAFEMI McKINNEY,

                Plaintiff,

-against-

QUAYSHANNA TANNER of Set and Service Resource; SONJA RAMSEY of Resource Plus,

                Defendants.

18-CV-10548 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL") asserting that the defendants discriminated against him because of his race, color, and sex. By order dated June 18, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff, a citizen of New York, New York, alleges the following facts: Set and Service Resource ("SASR"), of Raleigh, North Carolina, employed him. It instructed him to work at a Loews hardware store in Yonkers, New York, for Sonja Ramsey, of Resource Plus ("RP"), of Jacksonville, Florida. On July 1, 2017, however, Ramsey fired him after she falsely accused him of stealing an item from the store. Quayshanna Tanner, of SASR, did not continue Plaintiff's SASR employment because of an email Ramsey had sent to her in which Ramsey falsely stated that Plaintiff had stolen an item from the store and that Ramsey had video evidence of the theft.

While Plaintiff was employed at the store, other employees called him "Robyn," instead of "Robbie," the name by which he preferred others to address him.[1] Ramsey confused him with another employee named "Nick." Plaintiff asked Ramsey if she meant "the other black guy," and she replied, "Yeah."[2]

Plaintiff filed a discrimination charge on an unspecified date in July 2017. On August 15, 2018, the United States Equal Employment Opportunity Commission (EEOC) issued a dismissal and notice of rights.[3]

---

[1] Plaintiff asserts that "Robbie" is one of his middle names and that it was the name that appeared on his name tag.

[2] Plaintiff used the Court's employment discrimination complaint form to draft his complaint. In the space in the form in which Plaintiff was asked to write what his race is, he wrote the following: "B/W/A/NA." (ECF No. 2 at 4.)

[3] Plaintiff has attached a copy of that document to his complaint. It shows that Plaintiff filed a discrimination charge on an unspecified date in 2018. And it states that the EEOC closed its file on Plaintiff's discrimination charge because it believed that it lacked jurisdiction over the matter because Plaintiff was an independent contractor. (ECF No. 2 at 19.) The document also lists the discrimination-charge respondent as "Resource Plus of North Florida, Inc." (*Id.*) Plaintiff

## DISCUSSION

Plaintiff alleges that the named defendants – Tanner and Ramsey – unlawfully terminated his employment, did not promote him, and harassed him or created a hostile work environment because of his race, color, and sex.

### A. NYCHRL claims

The Court must dismiss Plaintiff's NYCHRL claims. The NYCHRL does not apply to discriminatory acts that occurred outside of New York City. *Hardwick v. Auriemma*, 116 A.D.3d 465, 466 (1st Dep't 2014); *Shah v. Wilco Sys, Inc.*, 27 A.D. 3d 169, 175 (1st Dep't 2005); *see also Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 291 (2010) (The NYCHRL's "impact requirement is relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the NYCHRL to those who are meant to be protected – those who work in the city.").

Plaintiff, a New York City resident, alleges that the discriminatory conduct occurred at a Loews hardware store in Yonkers, Westchester County, New York – outside of New York City. The Court therefore dismisses Plaintiff's NYCHRL claims.

### B. Plaintiff's former employment status

It is unclear whether the protections of Section 1981 or Title VII apply to Plaintiff. Courts have held that "Section 1981 protects not only individual[] [employees] but also independent contractors." *D'Ambrosio v. Bast Hatfield, Inc.*, No. 6:12-CV-1895, 2017 WL 6388889, at *7 (N.D.N.Y. Sept. 28, 2017) (citing *Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d 8, 14 (1st Cir. 1999)), *aff'd*, 737 F. App'x 44 (2d Cir. 2018) (summary order); *see Yu v. N.Y.C. Hous. Dev. Corp.*

---

asserts that he received a copy of that document from the EEOC on an unspecified date in August 2018.

3

*(HDC)*, No. 07-CV-5541 (GBD) (MHD), 2011 WL 2326892, at *26 (S.D.N.Y. Mar. 16, 2011), *report & recommendation adopted*, 2011 WL 2183181 (S.D.N.Y. June 3, 2011), *aff'd*, 494 F. App'x 122 (2d Cir. 2012) (summary order).

Title VII's protections, however, "appl[y] only to 'employees,' but the statute defines an employee circularly as 'an individual employed by an employer." *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008) (quoting 42 U.S.C. § 2000e(f)). "Once a plaintiff is found to be an independent contractor and not an employee . . . , the Title VII claim must fail." *Id.*[4] To determine whether a plaintiff is an employee for the purpose of Title VII, courts apply the federal common law of agency using the following nonexhaustive list of factors articulated by the Supreme Court in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989):

> [1] the hiring party's right to control the manner and means by which the product is accomplished . . . [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party.

*Eisenberg*, 237 F.3d 111, 113-14 (quoting *Reid*, 490 U.S. at 751-52); *see Salamon*, 514 F.3d at 226-27.

Plaintiff does not allege sufficient facts to show, for the purpose of determining whether he is protected under Section 1981 or Title VII, that he was an employee, and not an independent contractor, until he was fired. The Court therefore grants him leave to file an amended complaint to allege such facts. If Plaintiff asserts Title VII claims in his amended complaint, he must allege

---

[4] The same is true with respect to claims under the NYSHRL. *See Eisenberg v. Advance Relocation & Storage*, 237 F.3d 111, 113 (2d Cir. 2000); *Scott v. Mass. Mut. Life Ins. Co.*, 86 N.Y. 2d 429, 433-34 (1995).

4

facts showing, under the *Reid* factors, that he was an employee – not an independent contractor – until he was fired.

**C.     Proper defendants for Section 1981 and Title VII claims**

Plaintiff's complaint does not name all of the proper defendants for his claims. Individuals and other entities can be held liable for the race-based employment discrimination that is prohibited by § 1981. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226, 229 (2d Cir. 2004). But unlike in § 1981 claims, in Title VII claims, individuals cannot be held liable. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). "[T]he only proper defendant in a Title VII claim is the plaintiff's employer . . . ." *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) (summary order), *cert. denied*, 139 S. Ct. 126 (2018). To determine whether an entity is an employer for the purpose of Title VII liability, district courts use the *Reid* factors discussed above. *See Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 379 (2d Cir. 2006) (determining whether an entity is an employer for the purpose of Title VII by using the common law of agency – the *Reid* test); *see also Salamon*, 514 F.3d at 226 ("[D]efinitions of 'employee,' 'employer,' and 'employment' are to be determined under the common law of agency . . . .").

Plaintiff has named only individuals – Tanner and Ramsey – as defendants. The Court grants Plaintiff leave to file amended complaint in which he names proper parties as defendants for his Section 1981 and Title VII claims. If Plaintiff asserts Title VII claims in his amended complaint, he must name his former employer as a defendant and allege facts showing, under the *Reid* factors, how that defendant acted as his employer until he was fired.

**D.     Pleading standard for Section 1981 and Title VII claims**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a short, plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

5

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* at 678. But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

This plausibility standard applies to all civil actions, including discrimination actions. *See id.* at 684; *Littlejohn v. City of New York*, 795 F.3d 297, 310-12 (2d Cir. 2015). At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the [defendants] took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *Khanna v. MUFG Union Bank, N.A.*, No. 18-CV-3031 (ALC), 2019 WL 1428435, at *4 (S.D.N.Y. Mar. 29, 2019) (using the *Vega* pleading standard for § 1981 employment discrimination claims), *appeal pending*, No. 19-893 (2d Cir.). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F. 3d at 87.

Plaintiff's allegations are insufficient to state a plausible claim for relief under Section 1981 or Title VII because Plaintiff does not allege any facts showing that Ramsey, Tanner, SASR, or RP took adverse employment action against him, at least in part, because of a discriminatory reason (because of his race, color, or sex). The Court therefore grants Plaintiff

6

leave to file an amended complaint in which he alleges facts showing that he has a plausible claim for relief under Section 1981 or Title VII. He must specify how Ramsey, Tanner, SASR, or RP took adverse employment action against him, at least in part, because of a discriminatory reason.

### E.     Leave to amend

Plaintiff is granted leave to file an amended complaint to detail his claims. In his amended complaint's statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the

amended complaint. Plaintiff must not reassert in his amended complaint any claims that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and note service on the docket.[5]

The Court dismisses Plaintiff's claims under the New York City Human Rights Law.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-10548 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[5] Plaintiff has consented to electronic service of Court documents. (ECF No. 3.)

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 12, 2019
        New York, New York

                                                            COLLEEN McMAHON
                                                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes   ☐ No

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

> **NOTICE**
>
> The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial            Last Name

_____
Street Address

_____
County, City                              State                Zip Code

_____
Telephone Number                Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City              State            Zip Code

Defendant 2: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City              State            Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City    State    Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City    State    Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

 The defendant discriminated against me because of my (check only those that apply and explain):

  ☐ race: _____

  ☐ color: _____

  ☐ religion: _____

  ☐ sex: _____

  ☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

**IV.  STATEMENT OF CLAIM**

**A.  Adverse Employment Action**

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify): _____

_____

**B.  Facts**

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

**V.     ADMINISTRATIVE PROCEDURES**

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

   When did you file your charge? _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

   What is the date on the Notice? _____

   When did you receive the Notice? _____

☐    No

**VI.    RELIEF**

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____     _____
Dated                            Plaintiff's Signature

_____     _____
First Name      Middle Initial   Last Name

_____
Street Address

_____     _____     _____
County, City                    State      Zip Code

_____     _____
Telephone Number                Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007