UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OBAFEMI BRIAN ROBBIE McKINNEY,

      Plaintiff,

-against-

SONJA RAMSEY; RESOURCE PLUS; QUAYSHANNA TANNER; SET AND SERVICE RESOURCE; BRANDY MOORE & NICK,

      Defendants.

1:18-CV-10548 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  By order dated July 12, 2019, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis*, leave to file an amended complaint within sixty days. (ECF 6.) It specifically granted Plaintiff leave to allege sufficient facts to show, for the purposes of his claims under 42 U.S.C. § 1981 or Title VII of the Civil Rights of 1964 ("Title VII"), that Plaintiff was an employee – not an independent contractor – until he was fired. (*Id.* pp. 3-5.) It also granted him leave to name his former employer as a defendant, and to allege facts showing how that defendant acted as his employer until he was fired. (*Id.* p. 5.) It further granted him leave to allege sufficient facts to state a plausible claim of employment discrimination under Section 1981 or Title VII. (*Id.* pp. 5-7.) And it warned him that if he failed to comply with that order within the time allowed, or could not show good cause to excuse such failure, the Court would dismiss this action for failure to state a claim on which relief may be granted. (*Id.* p. 8.)

  Plaintiff filed an amended complaint on July 30, 2019. In it, he asserts claims under Title VII, Section 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA"). He also seems to assert claims under state law.

But the amended complaint does not comply with the Court's July 12, 2019 order in multiple ways: It does not allege sufficient facts to show, for Section 1981 or Title VII purposes, that Plaintiff was an employee until he was fired. It also does not allege facts that show how any of the named defendants acted as Plaintiff's employer until he was fired. In addition, it does not allege sufficient facts to state a plausible claim of employment discrimination under Section 1981 or Title VII. It does assert, for the first time, claims of employment discrimination under the ADA, the Rehabilitation Act, and the ADEA. But it fails to allege sufficient facts to state a plausible claim of employment discrimination under any of those statues.[1] Accordingly, the Court dismisses Plaintiff's claims under Section 1981, Title VII, the Rehabilitation Act, the ADA, and the ADEA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court directs the Clerk of Court to note service on the docket.[2] The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967 for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

---

[1] In its July 12, 2019 order, the Court discussed the pleading standard for claims of employment discrimination under Section 1981 and Title VII. (ECF 6, pp. 5-7.) The pleading standard for those types of claims under the ADA, the Rehabilitation Act, and the ADEA, however, is higher; the plaintiff must show that his age or disability was a "but-for" cause of the employer's adverse employment decision. *See Gross v. FBL Fin. Servs*. 557 U.S. 167 (2009) (ADEA pleading standard); *Natofsky v. City of New York*, 921 F.3d 337, 345-48 (2d Cir. 2019) (ADA and Rehabilitation Act pleading standard).

[2] Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 20, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

3