UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OBAFEMI BRIAN ROBBIE McKINNEY,

                            Plaintiff,

            -against-                                   1:18-CV-10548 (CM)

SONJA RAMSEY, et al.,                                   ORDER

                            Defendants.

COLLEEN McMAHON, Chief United States District Judge:

By order and judgment dated September 20, 2019, and entered three days later, the Court

dismissed this *pro se* action. (ECF 9 & 10.) On January 2, 2020, Plaintiff filed a notice of appeal,

as well as a motion under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an

extension of time to file a notice of appeal. (ECF 11 & 12.) In his motion, Plaintiff states that

beginning on October 25, 2019, he was hospitalized "for an extensive period of time"; he had

been beaten unconscious, robbed, and suffered a concussion, a seizure, and an "extensive and

acute kidney injury." (ECF 11.) He states that at the time that he filed his motion, he was

receiving medical treatment. (*Id.*) For the reasons discussed below, however, the Court denies

Plaintiff's motion.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a

notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See*

Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(5) of those rules, a party may file a motion for an

extension of time to file a notice of appeal, but must do so within the time to file a notice of

appeal or within 30 days after the period to file a notice of appeal has expired. *See* Fed. R. App.

P. 4(a)(5)(A)(i). The time period to file such a motion has a "strict jurisdictional" deadline.

*Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show

"excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

The Court's order of dismissal and civil judgment were entered on September 23, 2019.

Thus, Plaintiff had until October 23, 2019, to file a timely notice of appeal, and until November

22, 2019, to file a timely motion for an extension of time under Rule 4(a)(5). But he did not file

his notice of appeal and motion until January 2, 2020. His notice of appeal and motion are

therefore untimely. Accordingly, the Court denies the motion. *See Goode*, 252 F.3d at 245

("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the

untimely motion should not have been entertained . . . .").

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 3.) The Court

denies Plaintiff's motion for an extension of time to file a notice of appeal brought under Rule

4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 1, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

2